UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN PATRICIA GILBERT-RUTTER,

    Plaintiff,

v.

PARKVIEW TOWERS, ET. AL.,

    Defendant.

_____/

Case No. 16-11010

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER DISMISSING CASE; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [17]; DISMISSING DEFENDANTS' CROSS CLAIM [14]**

On March 18, 2016, Plaintiff filed pro se a complaint seeking damages relating to the towing of her car, which had expired registration plates, from the private parking lot of Plaintiff's apartment building, Parkview Towers. The Court entered an order granting Plaintiff's application to proceed without prepaying fees or costs on March 21, 2016 [6]. Defendants Independent Management Service and Parkview Towers filed a cross claim against Goch & Sons Towing Inc. on May 16, 2016 [14]. On May 20, 2016, Defendant Detroit Police Department entered a Motion to Dismiss [17]. On June 15, 2016, Defendant Goch & Sons filed an answer to the complaint, including the affirmative defense that the federal courts

1

lacked subject matter jurisdiction over the matter per MCL § 257.252g [19]. Defendant Goch & Sons filed an answer to the cross claim by Defendants Independent Management Services and Parkview Towers on June 15, 2016 [20]. Plaintiff filed an amended complaint on June 30, 2016 [23]. Defendant Goch & Sons Towing, Inc. filed an answer to the amended complaint on July 8, 2016 [24].

For the reasons stated below, the Court **dismisses the case** for a lack of subject matter jurisdiction. Defendant Detroit Police Department's Motion to Dismiss [17] is **DENIED as moot**. Defendants Parkview and Independent Management's Cross Claim [14] is **DISMISSED.**

1. **DISMISSAL OF CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Per Federal Rules of Civil Procedure Rule 12(h)(3), "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also, Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813-14 (6th Cir. 2015) (holding same); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (holding same). Additionally, "[a] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)…when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

In Plaintiff's amended complaint, all allegations and claims surround the legality of the towing of her car from the private property of Defendant Parkview Towers. Plaintiff admits that she was given 48 hours notice by Parkview towers prior to the towing of her car. She admits that her car had expired plates, and that the car was considered abandoned. Plaintiff also admits that the lease that she received from Parkview states that a vehicle can be towed for expired plates. Plaintiff also admits in her complaint that she could have retrieved her vehicle from the police but did not pay the required fee.

Per MCL §257.252a(2)(a), an abandoned vehicle is defined as, *inter alia*, "[a] vehicle that has remained on private property without the consent of the owner." Per Plaintiff's lease, Parkview could remove cars parked on their property that had expired registration plates. Parkview had a contract with Goch & Sons Towing Inc. that authorized Goch & Sons to remove all unauthorized vehicles, including, but not limited to, vehicles whose tags had expired [14 at 5].

Parkview gave Plaintiff a 48 hour notice on March 17, 2015 that her car would be towed if her plates were not renewed at that point. Plaintiff's car was subsequently towed on March 19, 2015 when Plaintiff failed to renew her license plate. This meets the definition of an abandoned car since the Plaintiff was not

3

authorized to park her car on the private property of Defendant Parkview with expired tags.

MCL § 257.525a(9) states:

> If a vehicle has remained on private property without the consent of the property owner, the owner of the private property may have the vehicle taken into custody as an abandoned vehicle by contacting a local towing agency.

It would appear, both from Defendant's answer and Plaintiff's complaint, that she received notice that her car had been abandoned, per MCL § 257.525a(10); (11). Per the statute, Plaintiff had to request a hearing within 20 days of the date of the notice before her rights as an owner were terminated, or the owner can obtain release of the vehicle by "paying a fee of $40.00 plus the accrued charged to the custodian of the vehicle." MCL 257.252a(12)-(14). Plaintiff admits that she did not initiate proceedings to retrieve her car.

The allegations in the amended complaint contend that Plaintiff's constitutional rights were violated when her car and its contents were taken without warrant or probable cause. Plaintiff alleges extortion for being forced to pay a fee to retrieve her car, and also alleges that the clause in the lease addressing the towing of cars parked on their property without valid license plates is illegal. Further, Plaintiff alleges a denial of accommodation for the refusal of Defendant Parktower to delay the towing of her car further than 48 hours.

Per § 257.252e, the District and Municipal Courts from where the vehicle was removed or considered abandoned have exclusive jurisdiction over whether a "police agency, towing agency or custodian or private property owner has acted properly in reporting or processing a vehicle under section 252a." Additionally, the remedies available for those claiming violations of a police agency, towing agency or private property owner in the treatment of an abandoned car under section 252a are constrained by the statute and do not include any federal or denial of reasonable accommodation requests. MCL 257.525e(4).

It is clear that Plaintiff's allegations concerning a warrant, probable cause, extortion and the denial of accommodation deal with allegations concerning whether or not the Defendants, which include a police agency, a towing agency and a private property owner, have acted properly concerning the towing of Plaintiff's car under section 252a. These claims therefore must be raised in the 36th District Court, which has exclusive jurisdiction over these issues. Therefore, the Court dismisses all of these claims for a lack of subject matter jurisdiction.

The Court also finds that the Plaintiff has not stated a valid claim for an illegal clause in the lease. Plaintiff cites the Truth in Renting Act in the Complaint for the proposition that a rental agreement may not contain a clause or provision that "has been prohibited by statute or declared unenforceable by a published

5

decision of the supreme court of this state…" MCL § 554.633(2).  Plaintiff appears to allege that the clause in the lease concerning the towing of cars parked on their private property with expired plates is illegal.

Under MCL §257.525a, cars parked on private property without the consent of the owner are deemed abandoned. Per the term of the lease as described by the Plaintiff, cars parked on Parkview's private property with expired license plates were not permitted by the property management, would be treated as abandoned, and that such abandoned vehicles had 48 hours, per a notice issued by Parkview, within which to renew their license plates or move their car off of Parkview's private property. Otherwise, the vehicle was subject to being towed.

This 48 hour notice before deeming a car abandoned is the same treatment that Michigan law gives cars parked on public property. Pursuant to §257.252a(2)(b)(ii), cars parked on public property without valid registration plates affixed to the vehicle for not less than 48 hours are deemed abandoned. Since the terms of consent for non-valid registration plates parked on private property at Parkview is the same as the standard for abandoned cars parked on public property under Michigan state law, this clause is not prohibited by statute or law and this claim is unsubstantial and frivolous and must be dismissed. *Apple*, 183 F. 3d at 479.

In conclusion, the Court dismisses the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) for frivolous claims, as well as 12(h)(3), for lacking subject matter jurisdiction under MCL § 257.252e.

2. **MOTION TO DISMISS [17]**

On May 20, 2016, Defendant Detroit Police Department filed a Motion to Dismiss [17]. No response was filed by Plaintiff. The Court acknowledges that the City of Detroit Police Department "is not a legal entity against which a suit can be directed" and thus the City of Detroit is entitled to dismissal. *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 fn. 4 (E.D. Mich. 1996). However, given that the Court has determined that it lacks subject matter jurisdiction and has *sua sponte* dismissed the case, Defendant City of Detroit Police Department's Motion to Dismiss [17] is **DENIED as moot.**

3. **DEFENDANTS PARKVIEW TOWERS AND INDEPENDENT MANAGEMENT SERVICES CROSS CLAIM AGAINST DEFENDANT GOCH & SONS [14]**

On May 16, 2016, Defendants Parkview Towers and Independent Management Services filed a cross claim against Defendant Goch & Sons Towing Inc. (Goch & Sons). [14]. Rule 13(g) allows "a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed.R.Civ.P. 13(g). The Court has dismissed the case for a lack of subject matter jurisdiction. Per 28 U.S.C. §1367, the Court declines to

7

exercise supplemental jurisdiction over Defendants Parkview Towers and Independent Management's Cross Claim. Therefore, Defendants Parkview Towers and Independent Management's cross claim is **DISMISSED**.

**IT IS ORDERED** that the case is **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendant Detroit Police Department's Motion to Dismiss [17] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendants Parkview and Independent Management's Cross Claim is **DISMISSED.**

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: July 20, 2016           Senior United States District Judge